DEBORAH M. SMITH
Acting United States Attorney

TODD S. MIKOLOP
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax (907) 271-1500
Email: todd.mikolop@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | Case No. 3:05-cr-098-RRB |
| vs. | ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| RAMIRO GANDARILLA-QUINTANA, Defendant. | ) | |

COMES NOW the United States of America, by and through the undersigned Special Assistant U.S. Attorney, and submits this Sentencing Memorandum:

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**TERM OF IMPRISONMENT . . . . . . . . . . . . . . . . . . 37 MONTHS**

**SUPERVISED RELEASE . . . . . . . . . . . . . . . . . . . . . . . . 3 YEARS**

**SPECIAL ASSESSMENT . . . . . . . . . . . . . . . . . . . . . . . . . . $100.00**

## I. BACKGROUND

The defendant was charged by indictment and plead guilty to one count of reentry of a removed alien, in violation of Title 8 United States Code, § 1326(a) and (b)(2). Specifically, the defendant is an alien who had been previously removed from the United States and, on September 29th, 2005, found in the United States at Kodiak, Alaska, without having consent from the Secretary of Homeland Security to reenter the United States.

As outlined in the Presentence Report, the defendant has an extensive criminal history. The Government has not filed any objections to the Presentence Report.

## II. SENTENCING CALCULATION AND RECOMMENDATION

### A. Statutory Maximum Sentence.

The maximum sentence that may be imposed on the defendant is 20 years in prison, a $250,000 fine, 3 years supervised release, and a $100 special assessment.

### B. Sentencing Guidelines Calculation.

Based on the defendant's criminal history outlined in the Presentence Report, the defendant's ultimate adjusted offense level is 13 and his criminal history category is VI. Accordingly, the defendant faces a sentencing range of 33 to 41 months imprisonment. The United States recommends a sentence of 37 months imprisonment , 3 years supervised release and a $100 special assessment. The United States leaves the issue of a fine to the sound discretion of the Court.

### C. The Effect of *Booker* and *Fan Fan*.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines

"effectively advisory." Booker, 125 S. Ct. at 757. This ruling results in a system in which the sentencing court, while informed by the Guidelines, may impose any sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to review by the Court of Appeals for "reasonableness." Id. at 769. Accordingly, in the wake of Booker, this Court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the sentence to be imposed. Justice Breyer's majority opinion directed that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Id. at 767.

The position of the United States is that, absent highly unusual circumstances, the sentence in a criminal case should fall within the Guideline range as determined by the Court. This view is shared by Congress and the Supreme Court. As every Supreme Court justice in the various opinions in Booker recognized, the Guidelines carry out the express national policy, as articulated by Congress, that sentences be uniform across the country to the extent possible and be based on the offender's actual conduct and history. See, e.g., id. at 767 (majority opinion of Breyer, J.) ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity."); id. at 743 (same) ("Congress' basic statutory goal -- a system that diminishes

sentencing disparity -- depends for its success upon judicial efforts to determine, and to base punishment upon, the real conduct that underlies the crime of conviction."); id. at 759 (dissenting opinion of Stevens, J.) ("The elimination of sentencing disparity, which Congress determined was chiefly the result of a discretionary sentencing regime, was unquestionably Congress' principal aim."); id. at 783 (dissenting opinion of Scalia, J.) ("the primary objective of the Act was to reduce sentencing disparity.").

The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of 15 years of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. The Guidelines, consisting of offense characteristics and various grounds for departure, also address all of the considerations relevant to sentencing, as articulated in 18 U.S.C. § 3553(a), such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and "the need to avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar conduct . . . ." Thus, fidelity to the Guidelines best accomplishes the purpose of fair and consistent sentencing, and should occur absent unusual circumstances.

Accordingly, a sentence within the Guideline range is presumptively reasonable, and accommodates the Congressional purpose, affirmed by the Supreme Court, of obtaining fair sentences which are uniform to the extent possible. The United States anticipates that only sentences outside the Guideline range will be subject to appellate scrutiny for reasonableness in light of the Congressional mandate.

In this case no unusual circumstances exist which warrant an exception to the preference for Guideline sentencing. Therefore, the United States respectfully recommends that the Court sentence the defendant to a term of imprisonment of 37 months, which is a term of imprisonment in the middle of the Guidelines range of 33 to 41 months.

## III. APPLICATION OF 18 U.S.C. § 3553(a) SENTENCING FACTORS

In addition to the Guidelines, as previously noted, Booker makes clear that the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). 125 S. Ct. at 767. The Section 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and history and characteristics of the

defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes and provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established Guidelines sentencing ranges; (5) any pertinent Guidelines policy statements; (6) the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (7) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a)(1) through (7). Each sentencing factor is addressed in turn:

### A. Nature and Circumstances of Offense and the History and Characteristics of the Defendant.

The nature and circumstances of the defendant's offense and the defendant's history and characteristics strongly support imposition of a sentence of 37 months of imprisonment. The instant crime is a crime seen regularly in the southern border states, yet not often charged in the District of Alaska. The nature of the crime is the same, however, and should not be diminished simply by the location in which it was committed. Indeed, being found in Alaska after previously having been removed to Mexico, a journey that was no doubt difficult and expensive, shows that the defendant has a complete disregard for this country's immigration laws and policies. Moreover, as the Presentence Report indicates, the defendant

had been deported on four previous occasions, a fact that drives home the nature of this instant offense.

**B. <u>Need for the Sentence to Reflect the Seriousness of the Offense, Afford Deterrence, Protect the Public, and Rehabilitate the Defendant.</u>**

The need to appropriately reflect the seriousness the defendant’s offense, afford appropriate deterrence, protect the public, and afford the defendant appropriate rehabilitation similarly dictate that a sentence of imprisonment of 37 months is appropriate.

First, the defendant’s offense unquestionably was serious, as reflected in the statutory maximum term of sentence of 20 years. The United States Congress has said reentering the United States after having been convicted of an aggravated felony is serious enough to warrant spending 20 years in jail. This defendant reentered the United States after having committed not one, not two, but three aggravated felonies.

Second, a sentence of 37 months imprisonment is critical to deter the defendant’s conduct. The defendant has been imprisoned many times before to seemingly little effect. Accordingly, a sentence of imprisonment of 37 months will protect the public from the defendant’s criminal activity. The nature of the defendant’s offenses demonstrate that he cares only about satisfying his own needs and thinks nothing of the laws of the United States. When viewed against the

defendant's past conduct, a sentence of 37 months imprisonment will have no impact on the defendant's prospect for education and training or other rehabilitative measures.

**C. Kinds of Sentences Available.**

The only sentence available and appropriate for the defendant's offense is a combination of confinement, a fine, and supervised release.

**D. Sentencing Ranges Available.**

The United States' position with regard to an appropriate Guidelines sentence is detailed above.

**E. Pertinent Policy Statements.**

The United States is unaware of any pertinent policy statement that suggests a range of imprisonment any less than a range of 33 to 41 months.

**F. Need to Avoid Sentence Disparity.**

A sentence of imprisonment of 37 months is within the sentencing range of 33-41 months suggested by the Guidelines for other similarly situated defendants.

**G. Restitution.**

The United States does not recommend restitution in this case.

## IV. SENTENCING RECOMMENDATION

The instant offense is simply the latest in the defendant's long criminal history. Viewed in the context of the recommended Guideline calculation of 33-41 months, a sentence of 37 months imprisonment, an appropriate fine, and a $100 special assessment is fair and just.

RESPECTFULLY SUBMITTED this 10th day of February, 2006, at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Todd Mikolop
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax (907) 271-1500
Email: todd.mikolop@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the **UNITED STATES' SENTENCING MEMORANDUM** was served electronically on February 10, 2006 to:

M.J. Hayden
Federal Public Defender

s/Todd Mikolop
Office of the U.S. Attorney