M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>RAMIRO GANDARILLA-QUINTANA,<br><br>        Defendant. | Case No. 3:05-cr-0098-RRB<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant, Ramiro Gandarilla-Quintana, by and through counsel M. J. Haden, Staff Attorney, submits that following sentencing memorandum to aid the court at the imposition of sentence hearing scheduled for Wednesday, February 15, 2006, in Anchorage, Alaska. Mr. Gandarilla-Quintana will be requesting a sentence of one year and one day.

I.       **Introduction**

Mr. Gandarilla-Quintana has entered a guilty plea to a single count indictment charging him with re-entering the United States after being previously removed or

deported. Mr. Gandarilla-Quintana filed no pre-trial motions and no objections to the pre-sentence report. There is no written plea agreement in this case.

## II.   Government's Proposed Sentence

The government recommends that Mr. Gandarilla-Quintana receive a sentence of 37 months. The PSR writer calculates that Mr. Gandarilla-Quintana's advisory guideline range is 33-41 months and that Mr. Gandarilla-Quintana is facing a statutory maximum of 20 years. Under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), Mr. Gandarilla-Quintana respectfully suggests that the statutory maximum sentence is 2 years. Apprendi holds that a factor which increases the potential penalty beyond the statutory maximum must be alleged in the indictment and proved to a jury beyond a reasonable doubt. In the present case, the government did not allege a predicate aggravated felony in the indictment. A ten-fold increase in the maximum possible penalty without alleging a prior aggravated felony in the indictment violates the rule announced in Apprendi. For this reason, the maximum possible statutory penalty is 2 years. Although Almendarez-Torrez v. United States, 523 U.S. 24 (1998), may be to the contrary, Mr. Gandarilla-Quintana respectfully submits that it has been overruled by the Apprendi decision and raises this issue to preserve his appellate rights.

## III.   Aggravated Felony

The government argues that Mr. Gandarilla-Quintana reentered the United States after committing three prior aggravated felonies and states that both this prior drug conviction and his felony DWI qualify as aggravated felonies. This simply is not the case. The term aggravated felony is defined in Title 8 U.S.C. § 1101(a)(43)(B) as "illicit trafficking

in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." Mr. Gandarilla-Quintana was convicted possession of narcotic drugs. Simple possession of a controlled substance fails to met the definitions found in 21 U.S.C. § 802 and 18 U.S.C. § 924(c). In addition, Mr. Gandarilla-Quintana's conviction for DWI also fails to qualify as an aggravated felony as defined at 8 U.S.C. § 1101(a)(43)(F), which states that an aggravated felony includes "a crime of violence . . . for which the term of imprisonment is at least one year." A "crime of violence" refers to "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16. Under this definition, Mr. Gandarilla-Quintana's prior DWI does not qualify. See United States v. Portillo-Mendoza, 273 F.3d 1224 (9th Cir. 2001).[1]

**IV.   Downward Departure for Over Represented Criminal History**

The PSR places Mr. Gandarilla-Quintana in criminal history category VI, the most extreme. A review of Mr. Gandarilla-Quintana's history reveals that nearly all of his convictions are associated with alcohol abuse. In this circumstance, the court should find that category VI overstates Mr. Gandarilla-Quintana's criminal history and the likelihood that he will commit futures crimes. A lateral downward departure is authorized in such circumstances pursuant to U.S.S.G. § 4A1.3(b)(1) and Application Note 3. In the alternative under Booker and the general sentencing statute, 18 U.S.C. § 3553(a), the

---

[1] Mr. Gandarilla-Quintana neither admits nor denies that his 1993 conviction for theft of four tires and rims qualifies as an aggravated felony.

court can mitigate the harsh effect of the point-counting under the now advisory guidelines for this defendant.

## V.     Mr. Gandarilla-Quintana's Proposed Sentence

Mr. Gandarilla-Quintana requests a sentence of one year and one day under the factors listed in 18 U.S.C. § 3553. Mr. Gandarilla-Quintana is a 39 year old family man. He has a wife and three children, ages 5, 7, and 10, who reside in Mexico. In addition, he has an elderly mother who suffers from kidney failure as the result of diabetes. Mr. Gandarilla-Quintana's family depends on him for financial support. Jobs in his homeland of Mexico are scarce and the pay is very low. To support his family, Mr. Gandarilla-Quintana came to Kodiak, Alaska. He came to Kodiak to work on the fishing boats to make money to send home to his family.

Mr. Gandarilla-Quintana did not reenter the United States for the purpose of breaking the law. He did not come here to sell drugs or to defraud United States citizens. He came to work hard and support his family. Mr. Gandarilla-Quintana was once a legal resident of the United States, as he took advantage of the amnesty program in the late 1980s. However, due to his alcoholism, he lost his status after being convicted of a felony DWI. Mr. Gandarilla-Quintana was simply attempting to care for his family the best way he knew how – by working extremely hard jobs such as being part of a crew on a fishing vessel. He now realizes that he has in fact harmed rather than helped his family as now he cannot provide for them at all from the jail. He has learned his lesson and will not return to the United States, but will find work in his homeland.

Thus, based on all the reasons set forth above, Mr. Gandarilla-Quintana respectfully requests a sentence of one year and one day, a special assessment of $100, and three years of supervised release.

DATED this 13th day of February, 2005.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
550 West 7th Avenue, Suite 1600
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on February 13, 2006, a copy of the foregoing document was served electronically on:

Todd Mikolop, Esq.
United States Attorney's Office
222 West 7th Avenue, No. 9, Room 253
Anchorage, AK 99513-7567

U.S. Pretrial Services Office
222 West 7th Avenue, No. 48, Room 168
Anchorage, AK 99513-7562

/s/ M. J. Haden